IMANAKA ASATO, LLLC

| | |
|---|---|
| STEVEN K.S. CHUNG | 1751 |
| MICHAEL L. IOSUA | 9851 |
| TIMOTHY E. HO | 4526 |

745 Fort Street Mall, 17th Floor
Honolulu, Hawaii 96813
Telephone No.: (808) 521-9500
Facsimile No.: (808) 541-9050

Attorneys for Plaintiffs
TODD R. LANG and
TRACEY L. LANG

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI`I

| | |
|---|---|
| TODD R. LANG and TRACEY L. LANG, Plaintiffs, vs. ASSOCIATION OF APARTMENT OWNERS OF TERRAZZA/ CORTEBELLA/LAS BRISAS/TIBURON, by and through Its Board of Directors, Defendant. | CIVIL NO. (Wrongful Foreclosure) **COMPLAINT; DEMAND FOR JURY TRIAL** |

# COMPLAINT

Come Now Plaintiffs TODD R. LANG and TRACEY L. LANG, by and through their undersigned counsel, and for a Complaint against Defendant ASSOCIATION OF APARTMENT OWNERS OF TERRAZZA/CORTEBELLA/ LAS BRISAS/TIBURON, by and through Its Board of Directors, allege and aver as follows:

1.  This is an action against the defendant homeowner association for wrongful foreclosure.  Defendant homeowner association sold plaintiffs' condominium apartment at a public sale, utilizing the process set forth in Section 667-5 ("Part I") of the *Hawai'i Revised Statutes* ("HRS") as amended, despite the fact that the homeowner association did not possess a mortgage containing a power of sale and was not authorized to use Part I.

## JURISDICTION AND VENUE

2.  This Court has diversity jurisdiction over Plaintiffs' claims under 28, U.S.C. §1332 as Plaintiffs' claim exceeds $75,000, exclusive of interest and costs. Further, Plaintiffs currently reside in the State of South Carolina.

3.  This Court has personal jurisdiction over defendant because is a citizen of Hawaii and regularly conduct business in this District, and because the nonjudicial foreclosure took place and involved real property located in this District.  The Court also has supplemental jurisdiction over the state law claims

raised in this action pursuant to 28 U.S.C. §1367(a).

4. The venue is proper in this District pursuant to: (1) 28 U.S.C. §1391(b)(1) in that defendant is located in this State; (2) 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in this District; and (3) 28 U.S.C. §1391(b)(3) in that defendant is subject to personal jurisdiction in this District.

## PARTIES

5. Plaintiffs TODD R. LANG and TRACEY L. LANG (collectively, "LANGS") are citizens of the State of South Carolina. At the times relevant herein, LANGS owned Apartment No. 65 ("Apartment") of Las Brisas Phase 6 condominium project, located at 91-364 Makalea Street, Ewa Beach, Hawaii.

6. Defendant ASSOCIATION OF APARTMENT OWNERS OF TERRAZZA/CORTEBELLA/LAS BRISAS/TIBURON ("LAS BRISAS") is a homeowner association organized, existing, and functioning under the laws of the State of Hawai'i, including HRS §§514A and/or 514B, as amended, that managed the Las Brisas Phase 6 condominium project.

## FACTUAL ALLEGATIONS

7. A power of sale is a contractual provision that allows a creditor to sell a debtor's home without going to court in the event the debtor defaults on an obligation secured by the home. A power of sale, also referred to as a nonjudicial

foreclosure, can be abused with draconian consequences for the homeowner. As a result, Hawai'i law requires creditors utilizing powers of sale to strictly comply with all requirements of the power of sale, and the statutes authorizing their use.

8. At all times relevant herein, Hawai'i law provided two processes for conducting power of sale or nonjudicial foreclosures. One was the process set forth in HRS §§ 667-5 through 667-10, referred to as Part I, which provided little or no protection for consumers and carried with it the greatest opportunity for abuse. As a result, Part I could only be used if a mortgage contained a power of sale, and then only by a mortgagee, the mortgagee's successor in interest, or a person authorized by the power of sale to act in the premises. The other was Part II, the Alternate Power of Sale Foreclosure Process codified at HRS §§667-21 through 667-42. Part II contained significantly greater protections for consumers than Part I.

9. Before its repeal in 2012, Part I was an expedited power-of-sale process that could only be used by a creditor holding a mortgage containing a power of sale. To use Part I, the creditor had to give the notices and perform the acts required by the power of sale in the mortgage, publish notice regarding the public sale once a week for three successive weeks, and to hold the public sale no less than 14 days after the last publication. A nonjudicial foreclosure under Part I did not extinguish the debt if the mortgagee did not receive payment of all amounts

owed.

10. In contrast, Part II provided homeowners reasonable time and opportunity to save their homes from foreclosure and protected them from improper and oppressive collection practices. For example, Part II required one intending to proceed with a nonjudicial foreclosure to serve the homeowner with a written notice of default in the same manner as service of process and to provide at least 60 days to cure the default. If the default was not cured, a public sale could occur only after the later of 60 days after distribution of notice of the sale or not less than 14 days after the date of the third public notice of the notice of sale. Moreover, under Part II, the conveyance document had to be signed by the homeowner, and the nonjudicial foreclosure operated as full satisfaction of the debt, even if the foreclosing mortgagee received nothing from the sale proceeds.

11. Sometime prior to April 19, 2011, LAS BRISAS engaged PORTER MCGUIRE KIAKONA & CHOW, LLP, formerly known as Porter Tom Quitiquit Chee & Watts, LLP ("Attorney") in a principal-agent relationship to collect common assessments for the Apartment that were delinquent, and Attorney filed a notice of lien for unpaid assessments against the Apartment.

12. At no time herein did LAS BRISAS hold a mortgage containing a power of sale. Nevertheless, Attorney, acting as an agent for and/or on behalf of LAS BRISAS, sent communications to LANGS and published notices in a

newspaper representing that LAS BRISAS was authorized to and would sell the Apartment at a public sale pursuant to Part I on April 19, 2011.

13. On April 19, 2011, Attorney then conducted a public sale under Part and sold the Apartment to LAS BRISAS for One Dollar and/or nominal consideration. Thereafter, on or about May 3, 2011, Attorney filed an affidavit under oath at the Bureau of Conveyances for the State of Hawaii certifying compliance with all requirements of Part I. On or about May 16, 2011, LAS BRISAS and/or Attorney recorded an Association's Quitclaim Deed in the Bureau of Conveyances conveying the Apartment to LAS BRISAS. The Association's Quitclaim Deed stated in pertinent part that LAS BRISAS had the right to foreclose its lien and sell the Apartment pursuant to HRS § 514B-146 and Part I.

14. At no time did LAS BRISAS or Attorney have the right to use Part I.

15. LAS BRISAS and Attorney used Part I in order to avoid judicial scrutiny which a foreclosure by action would have entailed and/or compliance with the consumer protection provisions contained in Part II.

16. LAS BRISAS and Attorney concealed the wrong being committed by misrepresenting that LAS BRISAS was authorized to conduct nonjudicial foreclosures or public sales under Part I in communications sent to LANGS, notices published in a newspaper, the affidavit filed in the Bureau of Conveyances, and the Association's Quitclaim Deed that was recorded in the Bureau of

Conveyances.

17. The aforesaid communications, notices, affidavit, and deed were false as LAS BRISAS did not hold a mortgage containing a power of sale as Part I required.

18. As a member of LAS BRISAS, LANGS were entitled to rely and did rely on the representations made by LAS BRISAS and/or Attorney concerning the right to use Part I.

19. LANGS could not reasonably have discovered and did not discover that LAS BRISAS did not have the power of sale required by Part I or the right to use Part I until sometime in 2016.

20. LAS BRISAS and Attorney fraudulently concealed the wrong being committed and the claims that arose in favor of LANGS by misrepresenting their authority to use Part I.

21. The statutes of limitations applicable to LANGS' claims were tolled by the discovery rule or HRS § 667-20, and to the extent, they were not tolled in that manner LANGS request that equitable tolling be applied.

## COUNT I
### (Conversion and/or Wrongful Foreclosure)

22. For their first claim for relief, LANGS incorporate by reference all of the preceding allegations of this Complaint.

23. The use of Part I to sell the Apartment was unlawful, wrongful and/or

invalid, and constitutes the theft and/or conversion of the Apartment and all of its economic benefits.

24. LANGS were shocked and traumatized by the unlawful sale of the Apartment.

25. LAS BRISAS was wrongfully and unjustly enriched as a result of the above.

26. LANGS seek and request recovery against LAS BRISAS for the injury they sustained, including rescission, restitution, the disgorgement of unlawful gains, actual, special, general, compensatory and punitive damages, together with costs of court and attorney's fees, and for such further and general relief to which they may be entitled.

WHEREFORE, LANGS pray for a judgment in their favor:

A. Awarding LANGS actual, compensatory, statutory, special, general and punitive damages against LAS BRISAS as appropriate;

B. Awarding LANGS rescission, restitution and/or disgorgement of the Apartment and the revenue and/or economic benefits that LAS BRISAS unlawfully and/or wrongfully acquired;

C. Awarding LANGS pre- and post-judgment interest;

D. Awarding LANGS attorneys' fees and costs of suit; and

  E. Awarding LANGS such other and further relief as this Court may deem just and proper.

  DATED: Honolulu, Hawaii, July 10, 2019.

             /s/ Timothy E. Ho
             STEVEN K.S. CHUNG
             MICHAEL L. IOSUA
             TIMOTHY E. HO
             Attorneys for Plaintiffs
             TODD R. LANG and
             TRACEY L. LANG

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI`I

| | |
|---|---|
| TODD R. LANG and<br>TRACEY L. LANG,<br><br>          Plaintiffs,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF TERRAZZA/ CORTEBELLA/LAS BRISAS/TIBURON, by and through Its Board of Directors,<br><br>          Defendant. | CIVIL NO.<br>(Wrongful Foreclosure)<br><br>**DEMAND FOR JURY TRIAL** |

## **DEMAND FOR JURY TRIAL**

      Come Now Plaintiffs TODD R. LANG and TRACEY L. LANG, by and through their undersigned counsel, and request a trial by jury on all issues triable of right by jury in this action.  This demand is made pursuant to Rule 38 of the *Federal Rules of Civil Procedure*.

      DATED: Honolulu, Hawaii, July 10, 2019.

                                                      /s/ Timothy E. Ho
                                                      STEVEN K .S. CHUNG
                                                      MICHAEL L. IOSUA
                                                      TIMOTHY E. HO
                                                      Attorneys for Plaintiffs
                                                      TODD R. LANG and
                                                      TRACEY L. LANG